IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

KATARINA DUNMAR,

    Plaintiff,

v.

RESURGENT CAPITAL SERVICES, *et al.*,

    Defendants.

Case No.: GJH-17-2567

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Katarina Dunmar financed the purchase of a laptop in 2005 and now seeks a Court-ordered settlement to resolve her outstanding debt to Defendants Resurgent Capital Services ("Resurgent") and LVNV of Las Vegas ("LVNV," collectively, "Defendants"). Presently pending before the Court is Defendants' Motion to Dismiss, ECF No. 10. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is granted.

### I. BACKGROUND[1]

In December of 2005, Plaintiff purchased a laptop from Best Buy and financed the purchase through a credit account opened with HSBC Bank Nevada, N.A. ECF No. 1-3 at 11.[2] Plaintiff alleges that she paid off approximately $1,800 of her $2,200 loan before she "came

---

[1] Unless otherwise noted, the facts are taken from the Complaint and assumed to be true. Plaintiff's Complaint consists of a four page letter to the Court, ECF No. 1-2, and correspondence from prior complaints Plaintiff filed with the Consumer Financial Protection Bureau ("CFPB") and the Texas State Auditor's Office. ECF No. 1-3. Included in this correspondence is Defendants' response to the CFPB's notice of complaint, which provides necessary background to Plaintiff's claim herein. *See* ECF No. 1-3 at 9–12. Plaintiff's Court-provided Civil Cover Sheet indicates that Plaintiff's claim arises under a Federal Consumer Credit statute, but Plaintiff not does specify which one. ECF Nos. 1-1; 1-2

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

across some difficulty one month" and, as a result, her account was passed around to a number of debt collection agencies. ECF No. 1-2 at 2. On May 19, 2009, LVNV acquired Plaintiff's credit account, and Resurgent is the account servicer. ECF No. 1-3 at 9. As of August 28, 2017, Plaintiff's outstanding account balance is $2,682.79. *Id.* Plaintiff alleges that Defendants have engaged in "reprehensible unjust or corrupt practices" and requests the Court to facilitate a settlement and payment plan so that she may discharge her debt obligations. *Id.* at 4.

## II. DISCUSSION

A "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Linlor v. Polson*, 263 F. Supp. 3d 613, 618–19 (E.D. Va. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotations omitted). However, the Court may not ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). The Court may not act as the *pro se* plaintiff's advocate and develop claims that he failed to clearly raise. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, to overcome a Rule 12(b)(6) motion, a *pro se* complaint must still allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of Plaintiffs' claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal

2

conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Even when liberally construed, the Court is unable to decipher a cognizable claim from Plaintiff's Complaint. While Plaintiff alleges that she is experiencing financial hardship, she has failed to set forth any factual allegations to suggest that Defendants are liable for her present condition. Plaintiff is not seeking damages from Defendants; rather, Plaintiff requests that the Court establish a loan repayment plan. *See* ECF No. 1-2 at 4 ("I would like the courts to help me settle this account and set up a way to pay the courts by the month and until the account is settled.") However, Plaintiff has not explained why Court intervention is necessary or appropriate.

Plaintiff acknowledges that her current account balance is $2,682.79, which she "feel[s] is way too much," but she has not alleged that Defendants have calculated her account balance in error, improperly assessed interest or fees, or otherwise violated any Federal or state consumer protection laws. Plaintiff merely suggests that she is not satisfied with the way in which Defendants are attempting to collect the debt or reporting her credit information. *See, e.g.*, ECF No. 1-2 at 2 ("I feel they are belligerent and indifferent and cannot make a good deal or understand a person and a person's life and situation."); *id.* ("Their bad attitudes have caused me not to do business with them including LVNV."). Without even a suggestion that Defendants have violated Federal or state law, the Court is unable to provide any relief.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 10, shall be granted.

A separate Order follows.

Dated: May 29, 2018

GEORGE J. HAZEL
United States District Judge